IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09CV235

| | | |
|---|---|---|
| PHILLIP JORDAN TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| NORTHWEST EDUCATION LOAN | ) | |
| ASSOCIATION, GC SERVICES, SALLIE | ) | |
| MAE, INC., U.S. DEPT. OF EDUCATION, | ) | |
| GENERAL REVENUE CORP., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court upon Defendants' Motion for a More Definite Statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. The *pro se* Plaintiff has failed to file a response in opposition to the motion.

Defendants are the guarantor of a student loan made to the Plaintiff, the servicer of that loan, and two collection agencies who were retained to collect on the loan. The Plaintiff filed his Complaint *pro se* and the Complaint appears to allege seven causes of action. However, throughout the Complaint, the Plaintiff refers generally to the "defendant(s)" without specifying which Defendant he is referring to and without referring to the particular acts of each Defendant. The Plaintiff also makes broad references to violations of the "Fair Credit Collection Practices Act" and the "Consumer Protection Act" and does not allege a clear time frame in which the alleged actions occurred.

A motion for a more definite statement pursuant to Rule 12(e) is appropriate if a pleading is so vague or ambiguous that a defendant cannot reasonably be required to frame a responsive

pleading. *Doe v. Bayer Corp.*, 367 F.Supp. 904, 917 (M.D.N.C. 2005). After reviewing this Complaint, the court finds that the Plaintiff's allegations are conclusory at best. It is impossible to determine which Defendant allegedly did what. Without a clear expression of the factual and legal grounds upon which Plaintiff relies, Defendants are unable to reasonably frame a response. Accordingly,

IT IS THEREFORE ORDERED that Defendants' Motion for a More Definite Statement is hereby GRANTED, and Plaintiff is hereby directed to replead his Complaint within ten (10) days, asserting which actions alleged are attributable to each defendant, when they occurred and the specific statute under which the Plaintiff is proceeding.

Signed: October 13, 2009

Graham C. Mullen
United States District Judge