IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09CV235-MU

| | |
|---|---|
| PHILLIP JORDAN TAYLOR, | ) |
| Plaintiff, | ) |
| vs. | ) ORDER |
| NORTHWEST EDUCATION LOAN ASSOCIATION, GC SERVICES, *et al.*, | ) |
| Defendants. | ) |

This matter is before the court upon the Defendants' Motion to Dismiss. Plaintiff filed his *pro se* Complaint on June 11, 2009, purporting to allege deceptive practices on the part of the Defendants with regard to a student loan. Defendants moved for a more definite statement and on October 13, 2009 the court entered an Order requiring the Plaintiff to amend his Complaint within 10 days to assert "which actions alleged are attributable to each defendant, when they occurred and the specific statute under which the plaintiff is proceeding." On November 4, 2009, Plaintiff filed a Motion for Extension of Time to Amend the Complaint, but attached a proposed Amended Complaint to his motion. It was unclear to the court whether Plaintiff intended to file the attachment as his amended complaint or needed more time, so in an abundance of caution, the court granted the motion for extension of time. When Plaintiff failed to file his Amended Complaint, the court directed that the proposed Amended Complaint be docketed and deemed filed as of December 22, 2009. Defendants then timely filed their Motion to Dismiss the Amended Complaint on January 5, 2010, arguing that the Amended Complaint still fails to cure the deficiencies addressed in the court's Order. Defendants are correct.

Plaintiff's Amended Complaint still fails to meet the minimum pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. While Rule 8 does not require "detailed factual allegations, it requires more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The Plaintiff has provided more details supporting his allegations in his response to Defendants' Motion to Dismiss and his "Supplemental Pleading in Support of Motion to Re-Amend Complaint." The court will allow the Plaintiff one final opportunity to amend his Complaint to comply with Rule 8. Should the Plaintiff fail to plead factual allegations sufficient to show that he has a plausible right to recovery, this action will be dismissed.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss is denied at this time, with leave to refile. Plaintiff may amend his Complaint and such Second Amended Complaint must be filed with ten days of the date of entry of this Order.

Signed: April 19, 2010

Graham C. Mullen
United States District Judge